**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CAUSE NO. 1:19CR136-LG-RPM-2**

**SHARARD COLLIER**

**ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA**

**BEFORE THE COURT** is the *pro se* [149] Motion to Withdraw Guilty Plea filed by the defendant, Sharard Collier. The Government has filed a [159] Response and [161] Supplemental Response in opposition. After a review of the submissions of the parties and the relevant law, the Court hereby finds that the Motion to Withdraw Guilty Plea should be denied.[1]

**BACKGROUND**

On November 19, 2019, Collier was indicted with one count (count one) of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count (count two) of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). On December 2, 2020, he pled guilty to count one of the indictment with sentencing set for March 3, 2021. It has been over a year since Collier pled guilty, and he has yet to be sentenced. He now seeks to withdraw his guilty plea by filing a [149] Motion

[1] The pending *pro se* [151, 153, 155, 157] Motions to Suppress are denied as moot.

to Withdraw Plea of Guilty. He claims ineffective assistance of counsel for failure of three of his attorneys to provide him with discovery which, in effect, made his guilty plea unknowing and involuntary. To understand the nature of this case and the alleged claims, the Court will outline the events leading to the instant Motion.

Collier has had six attorneys over the course of this case. He initially was represented by the Office of the Federal Public Defender ("FPD") at his preliminary hearing and initial appearance, at which point the FPD withdrew, and the Court appointed Ms. Kelly Rayburn as substitute counsel. (Order, ECF No. 57). Soon after, Ms. Rayburn withdrew in light of Collier's retention of private counsel, namely Mr. Afra Sellers. (Notice of Appearance, ECF No. 63). Mr. Sellers served as Collier's attorney from January 2020 to May 2021. As counsel, Mr. Sellers filed multiple continuances of the trial and plea deadlines on behalf of his client, due to a lack of lab reports regarding the methamphetamine seized in this case, as well as other reasons such as preparation for trial. (*See* Orders, ECF Nos. 65, 77, 78, 83, 90, 94). The Court granted the said continuances.

On October 13, 2020, Collier filed a [99] Notice of Intent to Change Plea to Guilty. Two additional motions to continue were filed, and thereafter granted, in anticipation of the plea hearing. (*See* Continuances, ECF Nos. 103, 105). On December 2, 2020, Collier pled guilty to count one of the indictment. At the plea hearing, the Court explained to Collier the open plea agreement with the Government and asked a series of questions to ensure the plea of guilty was knowing and voluntary. The Court stated:

**THE COURT:** Now, have you been provided with a copy of the indictment? Now, of course, the indictment, this is the written charges that are pending in this case, and have you had an opportunity to go over the charges in the indictment with your lawyer, Mr. Sellers?

**THE DEFENDANT:** Yes, I did.

**THE COURT:** Did Mr. Sellers explain the charges to you?

**THE DEFENDANT:** Yes.

**THE COURT:** Were you able to understand the explanations?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Did Mr. Sellers also go over with you possible defenses that you might have to the charge if you had gone to trial?

(Defendant confers with Mr. Sellers.)

**THE DEFENDANT:** Oh, yes.

**THE COURT:** All right. You did that?

**THE DEFENDANT:** Yes, we did a little bit of that.

(Plea Hearing Tr., at 9-10, ECF No. 160). When asked whether Mr. Sellers discussed and went over the Government's evidence with Collier—that is "the materials that the government had in support of his case and that they would have brought to trial in the event the case had gone to trial"—Collier responded that he "didn't see all of that." (*Id.* at 10). Collier continued:

**THE DEFENDANT:** . . . I don't even know what all of it is. I have seen what I was shown, but I don't know -- there's no list to say we have 30 items, and I've checked off 30 items. So I wouldn't know

what they have or not. What was shown to me is what I've seen.

**THE COURT:** All right. But did Mr. Sellers share with you what he had looked at and what was contained within the government's file?

**THE DEFENDANT:** Yes, those few things that was in the presentence report, I've seen those, and the tapes, yeah.

**THE COURT:** Mr. Collier, are you fully satisfied with the counsel, the representation and the advice that Mr. Sellers has given you so far?

**THE DEFENDANT:** Yes, I am. You know, we have our -- yes, I am. I am.

**THE COURT:** Is that a yes?

**THE DEFENDANT:** Oh, yes, yes, yes.

(*Id.* at 10-11). Collier stated that he was satisfied with the overall performance and counsel of Mr. Sellers. (*See id.* at 11-12). He agreed that Mr. Sellers had looked out after his interest. (*Id.* at 11). He acknowledged that his agreement with the Government was that count two would be dismissed at sentencing. (*Id.* at 12). He also understood that he was disavowing any interest in the gun and cash found at Whavers' residence, and that he would be forfeiting whatever interest he had in all the items listed in the Agreed Preliminary Order of Forfeiture, which he readily signed. (*Id.* at 13-16). He conceded that he had discussed the federal sentencing guidelines with Mr. Sellers and stated that he understood that the Court would not determine his guideline range until after the Presentence Investigation Report ("PSR") had been completed. (*Id.* at 17-18). Collier understood that "any

predictions, calculations or estimates" that Mr. Sellers may have made to Collier could be different from the sentence that he may receive from the Court. (*Id.* at 18). Collier knew that by entering into the plea agreement, he would be waiving his right to a jury trial, but not waiving his right to appeal. (*Id.* at 20). Collier readily admitted to his role in the drug conspiracy in open court. (*Id.* at 25-26). Thus, the Court found Collier competent and fully capable of entering an informed plea. (*See id.* at 27).

The sentencing hearing was continued twice at Mr. Sellers' request due to bad weather and in order to properly prepare his objections to the PSR. (*See* Continuances, ECF Nos. 116, 118). The Government made no opposition, and the Court granted the continuances. Subsequently, on May 6, 2021, Mr. Sellers filed a [125] Motion to Withdraw as Attorney, citing a voicemail in which Collier states that "[h]e is no longer requesting Attorney Sellers to represent him as his attorney and that he isn't sure that they are not going in the same direction because his life is on the line." (Sellers' Mot. to Withdraw, at 1, ECF No. 125). The Court held a hearing on the matter wherein Collier clarified that he intended to retain new counsel. The Court granted Mr. Sellers' motion to withdraw. (TEXT ONLY ORDER, May 11, 2021). Subsequently, on June 17, 2021, Collier retained new counsel, Mr. Joseph M. Hollomon. (Notice of Attorney Appear., ECF No. 132).

Mr. Hollomon's counsel was short lived. On July 26, 2021, Mr. Hollomon filed a [138] Motion to Withdraw as Attorney stating that his differing strategies in preparing for the sentencing hearing is what led to Collier dismissing him from the

case. The Court held a hearing on the matter and thereafter granted Mr. Hollomon's withdrawal. (TEXT ONLY ORDER, July 27, 2021). When Collier did not retain private counsel, the Court appointed Mr. Steven Eckert to represent Collier. Mr. Eckert withdrew due to a conflict, and the Court substituted him with Mr. Robert Harenski. (*See* Order Subst. Counsel, ECF No. 144). The sentencing hearing was re-set for December 14, 2021. (TEXT ONLY ORDER, Nov. 8, 2021).

Just under two months after Mr. Harenski was appointed as Collier's counsel, a [147] Motion to Withdraw as Attorney was filed. At the hearing on the motion, on December 1, 2021, it was established that Mr. Harenski sought withdrawal at the direction of Collier due to strategic differences, as well as Mr. Harenski's failure to file certain motions that he believes would not be in good faith. (*See* Order, at 1, ECF No. 148). Collier's reasons for insisting that Mr. Harenski should be dismissed were the same complaints Collier expressed with Mr. Sellers and Mr. Hollomon, *i.e.*, strategic differences and that the prior attorneys 'did not provide discovery.' (*Id.*). The Court found Collier's claims not well founded and lacked good cause. (*Id.* at 2). Mr. Harenski's motion to withdraw was denied.

On December 7, 2021, Collier filed the instant *pro se* [149] Motion to Withdraw Guilty Plea. The Court addressed Collier's Motion at the outset of the sentencing hearing, held on December 14, 2021. The Government objects to Collier's Motion. For the foregoing reasons, the Motion to Withdraw Guilty Plea is denied.

## DISCUSSION

Pursuant to Fed. R. Crim. P. Rule 11(d)(2)(B), a district court may grant a motion to withdraw guilty plea before sentencing if the defendant shows a "fair and just reason." There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007) (citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). The Court has broad discretion in deciding whether to permit a defendant to withdraw a guilty plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (citation omitted).

To determine whether a defendant may withdraw a guilty plea prior to sentencing, the Court must consider the following *Carr* factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *See id.* at 343-44. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are to be considered for the totality of the circumstances, and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524.

After reviewing the evidence presented and the record, the Court finds that the *Carr* factors do not weigh in Collier's favor. First, and as argued by the Government, Collier has not made an assertion of innocence as to the underlying facts to which he pled. (*See* Gov.'s Supp. Resp., at 1, ECF No. 161). While his Motion stems around his attorneys' failure to permit him to see the discovery in the case, at no point does Collier indicate actual innocence as a reason to withdraw his guilty plea. In fact, he previously admitted in open court, and under oath, to committing the crime. (*See* Plea Hearing Tr., at 4, 25-26, ECF No. 160). At the hearing on the Motion, the Court provided Collier an opportunity to assert his innocence. He did not. This factor weighs in favor of denying Collier's motion. *See United States v. Turner*, No. 4:07-cr-246(15), 2008 WL 4966932, at *1 (E.D. Tex. Nov. 20, 2008).

Second, Collier delayed in filing his motion to withdraw his guilty plea. In *Carr*, the Fifth Circuit found a delay of 21 days before filing a motion to withdraw guilty plea weighed against a defendant's ability to withdraw his plea. 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* As previously noted, it has been a year since Collier entered a plea of guilty. (*See* Minute Entry, Dec. 2, 2020). He has fired multiple attorneys in this case. Collier's reasons for dismissing his attorneys stem from strategic

differences and claims that his attorneys 'did not provide discovery.' Likewise, the underlying basis for the instant Motion regards the withholding of the discovery from Collier. (*See* Mot., at 1-3, ECF No. 150). Under the reasoning in *Carr* and its progeny, the Court finds that Collier's motion to withdraw his guilty plea was less than prompt. *See also United States v. Blancarte*, No. 4:09-cr-23, 2010 WL 1524783, at *3-4 (E.D. Tex. Mar. 26, 2010) (finding a two-month delay in filing a motion to withdraw guilty plea strongly favors denying the motion).

Third, Collier was provided close assistance of counsel. In his Motion, Collier asserts that his prior counsel was ineffective for failure to provide him with discovery which, in effect, made his guilty plea unknowing and involuntary. As an initial matter, the Fifth Circuit has determined that close assistance of counsel under Rule 11 and "'constitutionally ineffective assistance of counsel are distinct issues.'" *Id.* at *4 (quoting *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009)). "Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether [Collier] was denied close assistance of counsel." *Blancarte*, 2010 WL 1524783, at *4 (citing *McKnight*, 570 F.3d at 646). Whether Collier received close assistance of counsel "'requires a fact-intensive inquiry.'" *Blancarte*, 2010 WL 1524783, at *4 (quoting *McKnight*, 570 F.3d at 646). Here, Collier entered into an open plea with the Government and clearly stated on the record that he was pleased with Mr. Sellers' counsel. (*See* Tr., at 10-13). He also readily admitted to having seen the items contained within the Government's file, provided by Mr. Sellers. (*See id.* at 11). As argued by the

Government, Collier was provided the opportunity to assert his dissatisfaction with his attorney and chose not to do so. (Gov.'s Resp., at 1, ECF No. 159). Thus, the Court finds that Collier was not without assistance of adequate counsel in agreeing to plead guilty.

Last, the Court finds that Collier's plea was knowing and voluntary. "For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). The defendant "must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving." *Blancarte*, 2010 WL 1524783, at *5 (citing *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000)). To be voluntary, the guilty plea must "not be the product of 'actual or threated physical harm or . . . mental coercion.'" *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)). In this case, the Court informed Collier of the nature and consequences of his open guilty plea. (*See* Plea Hearing Tr., at 12-15, ECF No. 160; *see also* Gov.'s Supp. Resp., at 2, ECF No. 161). The Court informed Collier of the rights he was giving up by pleading guilty, the potential sentence he faced, and the specific elements of the crime. (Plea Hearing Tr., at 16-22, ECF No. 160). He was further advised that by entering a plea he was waiving his right to trial, but not waiving his right to appeal. (*Id.* at 20). The Government also read aloud the evidence it intended on using, should the case have

gone to trial. (*Id.* at 22-25). Collier stated that he understood. The Court therefore determined that Collier was competent and fully capable of entering an informed plea. (*See id.* at 27). Thus, Collier's plea was knowing and voluntary.

As to the remaining reasons the Court is to consider, the Court finds these factors weigh against Collier. Given the time between the plea hearing and the instant Motion, as well as the multiple hearings on the motions to withdraw attorney, the Court finds that granting Collier's motion to withdraw guilty plea would substantially inconvenience the Court. *See United States v. Estrella*, No. MO-13-cr-222, 2014 WL 11515885, at *3 (W.D. Tex. June 18, 2014). Withdrawal would also waste judicial resources. *See id.* These factors weigh against Collier. The Court also finds that the Government would suffer prejudice if the withdrawal motion were granted. In sum, given the totality of the circumstances, the Court hereby denies Collier's Motion. Collier presents no evidence that convinces the Court that he should be allowed to withdraw his plea of guilty.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *pro se* [149] Motion to Withdraw Guilty Plea filed by the defendant, Sharard Collier, is **DENIED**. The pending *pro se* [151, 153, 155, 157] Motions to Suppress are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE