IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                  **CAUSE NO. 1:19cr136-LG-RPM-2**

**SHARARD COLLIER**

### ORDER DENYING DEFENDANT'S MOTION TO SUPPLEMENT RECORD ON APPEAL AND ORDER TO SHOW CAUSE

**BEFORE THE COURT** is the [223] Motion to Supplement Record on Appeal filed by Defendant Sharard Collier. For the reasons stated below, this Motion is denied and Collier is ordered to show cause why he should not be barred from filing additional letters and motions without prior approval of the Court.

The present Motion is the latest in a series of Letters and Motions filed by Collier concerning the court record in this matter. (See ECF Nos. 201, 204, 206, 214, 218, 222). The Court has previously informed Collier that he has been provided with the entire Court record in this matter and that all motions and letters should be mailed to the United States Court of Appeals for the Fifth Circuit while this case is on appeal. (*See* Dec. 30, 2021 Text Only Order; June 30, 2022 Text Only Order; Dec. 6, 2022 Text Only Order; Order Denying Motion Requesting Complete Copy of the Record, ECF No. 219). As the Fifth Circuit has explained:

> Jurisdiction is power to act, and it is essential to have clear rules that define who, if anyone, possesses this power. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. A federal district court and a federal court of appeals should not attempt to assert

> jurisdiction over a case simultaneously. . . . District courts lack power to alter the status of a case as it rests before the Court of Appeals.

*Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (internal citations and quotation marks omitted). Once again, the district court record is complete, and all of the record has been provided to Collier and/or the Court of Appeals. This Court does have jurisdiction to consider Collier's Motion to Supplement the Record on Appeal. Therefore, the Motion is denied.

Collier's recent Motions concerning the record are not the first instance in which Collier has disregarded Orders filed by the Court. Previously, Collier filed numerous pro se letters and motions even though the Court informed him that pro se filings would not be accepted while he was represented by counsel. (See ECF Nos. 184, 197, 198, 199, 201, 204, 205, 206; *see also* Jan. 4, 2022 Text Only Order; Apr. 18, 2022 Text Only Order; June 13, 2022 Text Only Order).

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 737 F.2d 1254, 1261 (2d Cir. 1984)). In determining whether it should impose a pre-filing injunction, a court must weigh all the relevant circumstances, including the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to

harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum*, 513 F.3d at189 (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

Collier's vexatious, duplicative filings and his deliberate indifference to Court orders have placed an unnecessary burden on the Court and its personnel. The Court has considered whether alternative sanctions would be sufficient to deter future behavior of this nature but finds that only a pre-filing injunction will suffice in these circumstances. As a result, Collier is ordered to show cause why the Court should not impose an injunction prohibiting him from filing additional motions and letters without prior permission from the Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [223] Motion to Supplement Record on Appeal filed by Defendant Sharard Collier is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Collier is **ORDERED TO SHOW CAUSE by JANUARY 4, 2023,** why the Court should not impose an injunction prohibiting him from filing additional motions and letters without prior permission from the Court.

**SO ORDERED AND ADJUDGED** this the 20th day of December, 2022.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge